924 A.2d 523

IN THE MATTER OF PATRICIA ADELLE, AN ATTORNEY
AT LAW (ATTORNEY NO. 016841992).

June 19, 2007.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 06–327 and DRB 06–328, concluding that **PATRICIA ADELLE** of **WAYNE**, who was admitted to the bar of this State in 1993, and who has been suspended from the practice of law since November 1, 2002, by Orders of the Court filed on October 3, 2002, and October 15, 2004, should be suspended from the practice of law for a period of six months for violating *RPC* 1.15(a) and (b) (negligent misappropriation of and failure to promptly return, client funds), *RPC* 1.3 (lack of diligence), *RPC* 1.4(a) (failure to communicate with clients), *RPC* 1.16(d)(failure to turn over client file), *RPC* 1.15(d) and *Rule* 1:21–6 (recordkeeping violations), and *RPC* 8.1(b) (failure to cooperate with disciplinary authorities);

And the Disciplinary Review Board having determined that the suspension should be consecutive to the three-month term of suspension that expired January 14, 2005;

And the Disciplinary Review Board having further concluded that prior to reinstatement to practice, respondent should be required to complete a course in trust accounting and that after reinstatement, respondent should practice under supervision for a period of two years;

And good cause appearing;

It is ORDERED that **PATRICIA ADELLE** is suspended from the practice of law for a period of six months effective January 15, 2005; and it is further

ORDERED that prior to reinstatement to practice, respondent shall enroll in a course in trust accounting approved by the Office of Attorney Ethics and shall submit proof of her successful completion thereof to the Office of Attorney Ethics; and it is further

ORDERED that on reinstatement, respondent shall not practice law as a sole practitioner and for a period of two years and until the further Order of the Court, she shall be supervised by a practicing attorney approved by the Office of Attorney Ethics; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.